CARLTON, J.,
dissenting:
1125. I respectfully dissent from the majority’s opinion in this grandparent-visitation case. I submit that the chancellor abused her discretion when she found that Christopher, Savannah’s father, presented no evidence to support the denial of grandparent visitation. Moreover, the record fails to reflect that the grandparent visitation granted' in this ease serves the child’s best interest.
¶ 26. The record reflects that Christopher presented evidence, corroborated by Stacie, of an unsafe environment at the Gatlins’ home. Christopher presented evidence and testimony as to the facts that led him to conclude the'Gatlins’ home was unsafe for his young daughter. These facts included the chaotic environment, the violence that occurred among family members, the lack of supervision provided, the Gatlins’ smoking, and the injury Savannah sustained from a dog bite.
¶,27. The record reflects that Stacie, Savannah’s mother, corroborated,Christopher’s testimony regarding the .unsafe and chaotic environment, at her. parents’ home. Stacie testified about how David, her father and Savannah’s maternal grandfather, physically abused her. In addition, Stacie provided corroborating testimony as to the circumstances surrounding a dog bite that Savannah received at the Gatlins’ home. Stacie testified that she had to let Gunner, the Gatlins’ full-grown Doberman Pinscher, out of his pen to feed him, and the dog bit Savannah. As a result of the bite, Savannah had to go to the hospital to receive emergency medical treatment.
¶ 28. In addition to the testimony given by Stacie and Christopher, David and Debora both testified that they smoke inside their home but refrain from smoking inside when their grandchildren are present. Even so, the .record shows that David and Debora nonetheless smoke in front of Savannah. See Denmark v. Denmark, 118 So.3d 679, 683 (¶¶ 23-24) (Miss.Ct.App.2013) (discussing the adverse impact of *178 smoking on a child’s environment); Love v. Love, 74 So.3d 928, 934 (¶ 25) (Miss.Ct.App.2011) (discussing the evidence and testimony that a mother’s smoking contributed to her child’s multiple ear infections).
¶ 29. As to other factors affecting the home environment provided by the Gat-lins, the record reflects that Debora also testified that her son and grandson are convicted felons. In addition, Debora and Stacie both testified about Stacie’s then-pending .felony charges for aggravated robbery. Furthermore, Christopher testified about the disruptive impact that the Gatlins’ chaotic home environment had on Savannah’s emotional state and her behavior.
¶30. In light of this testimony, I respectfully submit that the chancellor abused her discretion by finding that Christopher provided no evidence to support the denial of grandparent visitation. Moreover, I find the chancellor’s judgment fails to pass constitutional muster since the decision failed to make Savannah’s best interest the polestar consideration and failed to give deference to Christopher’s paramount right, as Savannah’s custodial parent, to control his child’s environment. See Aydelott v. Quartaro, 124 So.3d 97, 104 (¶ 23) (Miss.Ct.App.2013) (“Parents with custody have a paramount right to control the environment, physical, social, and emotional, to which their children are exposed.” (citation omitted)); T.T.W. v. C.C., 839 So.2d 501, 504 (¶ 10) (Miss.2003) (“The best interests of the child must be the polestar consideration in awarding grandparent visitation.”).
¶31. Grandparents possess no common-law right of visitation, and grandparent-visitation statutes must be strictly construed. See Smith v. Wilson, 90 So.3d 51, 58-59 (¶¶ 22-24) (Miss.2012); Vinson v. Vidal, 28 So.3d 614, 615 (¶ 5) (Miss.Ct.App.2009). Mississippi’s grandparent-visitation statute is narrowly tailored. See Smith, 90 So.3d at 58-59 (¶¶ 22-24). Mississippi Code Annotated section 93-16-3(2) (Rev. 2013), the grandparent-visitation statute at issue, requires more than a viable relationship between a grandparent and grandchild. The statute also requires that grandparent visitation be in the child’s best interest. Miss.Code Ann. § 93-16-3(2).[4] Furthermore, our jurisprudence requires consideration of the Martin[5] factors to prohibit the grant of grandparent visitation that would interfere with a parent’s substantive due-process rights. See Smith, 90 So.3d at 59 (¶ 24).
¶ 32. The record in this case fails to reflect that visitation with the Gatlins was in Savannah’s best interest. The record reflects that the chancellor failed to acknowledge the evidence presented by Christopher, Savannah’s custodial parent, showing that the Gatlins’ home provided an unsafe, chaotic, and disruptive environment for Savannah. As a result, the chancellor erroneously applied the Martin factors. Therefore, I would reverse and render the chancellor’s judgment. Accordingly, I respectfully dissent from the majority’s opinion.

. See also T.T.W., 839 So.2d at 504 (¶ 10) ("The best interests of the child must be the polestar consideration in awarding grandparent visitation.”); Morgan v. West, 812 So.2d 987, 991 (¶ 10) (Miss.2002) (recognizing that the child’s best interest constitutes the polestar consideration when determining whether to grant grandparent visitation).

. Martin v. Coop, 693 So.2d 912, 916 (Miss.1997).